UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CAMERON THOMSON,

        Plaintiffs,                      Case No. 1:24-cv-11761

v.                                            Honorable Thomas L. Ludington
                                                United States District Judge

SAMANTHA PETERSON,

        Defendants.
_____/

**OPINION AND ORDER (1) GRANTING IN PART PLAINTIFF'S MOTION TO STRIKE OR EXCLUDE AFFIDAVIT AND MATERIALS OUTSIDE THE RECORD, OR CONVERT THE MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT, (2) CONVERTING DEFENDANT'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT, (3) DIRECTING LIMITED DISCOVERY AND SUPPLEMENTAL BRIEFING, (4) DENYING WITHOUT PREJUDICE THE PARTIES' MOTIONS FOR SANCTIONS**

Plaintiff Cameron Thomson owns lakefront property on Long Lake in Hale, Michigan. In 2022, he sought to build a seawall and hired D&C Landscaping for the project. Because the property falls under Michigan's environmental permitting laws, D&C applied for a permit with the relevant state agency, the Michigan Department of Environment, Great Lakes, and Energy (EGLE). In May 2023, Defendant Samantha Peterson, an EGLE employee, entered the property to conduct a compliance check—allegedly without a warrant based on consent given by D&C in the permit application process—and discovered nearly 80 feet of unpermitted seawall. Plaintiff then sued Defendant, alleging an unlawful Fourth Amendment search and a state-law trespass claim. Plaintiff insists that he never authorized D&C to consent to warrantless government entry on his land.

Defendant moved to dismiss, contending that Eleventh Amendment sovereign immunity barred some of Plaintiff's claims and that the rest of his claims lack viability. She attached an

affidavit, application documents, and correspondence to her Motion to support her position. Plaintiff moved to strike or exclude those materials or alternatively convert Defendant's Motion into a motion for summary judgment. Both Parties then filed dueling motions for sanctions, each accusing the other of advancing frivolous arguments.

For the reasons explained below, Plaintiff's Motion to Strike or Exclude or Convert Defendant's Motion to Dismiss into a motion for summary judgment, ECF No. 16, will be granted in part. Further, Defendant's Motion to Dismiss, ECF No. 11, will be converted into a motion for summary judgment. As a result, the Parties will be directed to conduct limited discovery and file supplemental briefing upon completion of that discovery. And the Parties' motions for sanctions, ECF Nos. 20; 21, will be denied without prejudice.

## I.

### A.

Plaintiff Cameron Thomson owns lakefront property on Long Lake, an inland lake in Hale, Michigan. *See* ECF Nos. 8 at PageID.112–13; 8-1 at PageID.123. In 2022, Plaintiff wished to build a seawall on his property like many of his neighbors. *See* ECF No. 8 at PageID.113. So Plaintiff hired an independent contractor, D&C Landscaping, to install the seawall. *Id.*

But Plaintiff's property falls within the regulatory framework established by Part 301 of Michigan's Natural Resources and Environmental Protection Act (NREPA), MICH. COMP. LAWS § 324.30101 *et seq. See id.* at PageID.114. As a result, D&C needed to obtain a permit to build the seawall on Plaintiff's behalf. *Id.*; *see also* MICH. COMP. LAWS § 324.30102 (requiring a permit to "[c]onstruct, enlarge, extend, remove, or place a structure on" an inland lake's bottomland). Importantly, though, Plaintiff alleges that "[a]t no time was any agent or representative of D&C Landscaping given the authority or right to provide consent to the government [or] any of its agents, employees, or officials to" enter the property without a warrant. ECF No. 8 at PageID.114.

In August 2022, D&C Landscaping's owner, Thomas Kangas, digitally submitted to the Michigan Department of Environment, Great Lakes, and Energy (EGLE) a "Joint Permit Application" to obtain the necessary permit. *See id.* at PageID.114–15; *see also* ECF No. 8-4. Plaintiff alleges that "[o]n information and belief, D&C Landscaping" never conveyed Plaintiff's consent "for the government to warrantlessly enter, search, or inspect" his property. *Id.* at PageID.115. Plaintiff also alleges D&C would have acted beyond the bounds of its agency authority even if it had purported to convey such consent. *Id.* at PageID.114. At any rate, Defendant Samantha Peterson, the EGLE employee responsible for the permit application, required several rounds of revisions to the application. *See* ECF No. 8-4 at PageID.140–41. And according to a Michigan Department of Natural Resources (DNR) report attached to Plaintiff's Amended Complaint as an exhibit, the permit was denied in February 2023 because Plaintiff's property "lack[ed] erosion severity, and the site was also deemed low energy." ECF No. 8-7 at PageID.150, 152.

Yet Plaintiff apparently notified Defendant that he would install the seawall without a permit. *See id.* at PageID.150–52. According to the DNR report, Defendant advised against the installation. *Id.* at PageID.151. On May 19, 2023, having not heard from Plaintiff or D&C, Defendant allegedly visited Plaintiff's property and conducted a "compliance check." *Id.*; *see also* ECF No. 8 at PageID.115–16. During this check, Defendant entered Plaintiff's property without a warrant and discovered that "approximately 79 feet of new seawall had been installed without a permit." ECF No. 8-7 at PageID.151; *see also* ECF No. 8 at PageID.116. Defendant also allegedly "collected information, took photographs, and generated other" evidence while on the property. ECF No. 8 at PageID.116.

**B.**

On July 9, 2024, Plaintiff sued Defendant in her official and individual capacities—seeking injunctive, declaratory, and monetary relief. ECF No. 1. In a later Amended Complaint, Plaintiff asserts two claims against Defendant. ECF No. 8 at PageID.116–18. First, Plaintiff brings a Fourth Amendment claim under 42 U.S.C. § 1983, alleging that Defendant's May 19, 2023, compliance check constituted an unlawful warrantless search of his property. *Id.* at PageID.116–17. Plaintiff specifies that he asserts this claim against Defendant in both her individual and personal capacities. *Id.* at PageID.117. Second, Plaintiff asserts a state-law trespass claim, alleging that Defendant trespassed on Plaintiff's property when she conducted the compliance check. *Id.* Plaintiff does not specify in what capacity he sues Defendant for the trespass claim, but he does limit the relief he seeks to injunctive and declaratory relief for the claim. *Id.*

On October 14, 2024, Defendant moved to dismiss the Amended Complaint. ECF No. 11. Defendant argues that Plaintiff's official capacity claims are barred by Eleventh Amendment sovereign immunity, warranting their dismissal for lack of subject matter jurisdiction under Civil Rule 12(b)(1). *Id.* at PageID.181–92. Defendant further contends that Plaintiff has not alleged an ongoing constitutional harm, so the exception to Eleventh Amendment immunity announced in *Ex parte Young*, 209 U.S. 123 (1908), does not apply. *See generally id.* As for Plaintiff's individual capacity claims, Defendant argues that Plaintiff's Complaint fails to state a viable claim because Defendant had consent to search Plaintiff's property, warranting their dismissal under Civil Rule 12(b)(6). *Id.* at PageID.192–201.

Importantly, Defendant attached several documents to her Motion that she uses to show that she had consent to inspect Plaintiff's property. *See* ECF Nos. 11-1; 11-2. Defendant first attached an affidavit in which she explains several things about her compliance check: (1) that Plaintiff authorized D&C to obtain a permit, and that D&C, in turn, consented to her site

inspections as part of the permitting and construction process; (2) that on February 7, 2023, she informed Thomas Kangas that EGLE could not permit a seawall at Plaintiff's property; (3) that after that notice, she discussed alternatives with Plaintiff, who then requested an extension of the application's processing period instead of an outright denial; (4) that during that extended period, she and her supervisor planned to conduct a site inspection with Plaintiff in the spring; (5) that after Plaintiff indicated that he did not want to withdraw the application in an email in May 2023, she visited Plaintiff's property and entered it based on the permit application's purported site inspection authorization; (6) that during that inspection, she discovered the unauthorized seawall construction; and (7) that she did not formally deny the permit application until June 12, 2023. ECF No. 11-1 at PageID.204–07.

The remaining documents that Defendant attached to her Motion seemingly reinforce her version of events in the affidavit. Indeed, she attached a picture of the digital certification and submission page within EGLE's application portal, which reflects the applicant's certification to agree to allow EGLE and other agencies to enter the relevant property for site inspections. ECF No. 11-1 at PageID.210. She also attached an email that Plaintiff sent to Thomas Kangas that authorized D&C Landscaping to "pull a [seawall] permit in" Plaintiff's name. *Id.* at PageID.212. Further, Defendant attached the first and ninth versions of the permit application and the emails between them. *Id.* at PageID.214–41. Finally, Defendant attached a letter that she sent to Plaintiff on June 12, 2023, purporting to formally deny the permit application. *Id.* at PageID.251–52.

On November 8, 2024, Plaintiff moved to strike or exclude the documents attached to Defendants' Motion to Dismiss or convert the Motion into a motion for summary judgment. ECF No. 16. On January 28, 2025, Defendant moved to sanction Plaintiff, in large part for advancing

what she contends is a frivolous lawsuit. *See* ECF No. 20. And on January 29, 2025, Plaintiff moved to sanction Defendant for filing what he deems a frivolous sanctions Motion. ECF No. 21.

## II.

As a threshold issue, this Court must resolve Plaintiff's Motion to Strike or Exclude, ECF No. 16, to define the proper scope of the record. Plaintiff seeks to strike or exclude from consideration the affidavits and other documents attached to Plaintiff's Motion to Dismiss. *See id.* at PageID.309. Alternatively, Plaintiff requests that the Motion to Dismiss be converted to a motion for summary judgment under Civil Rule 12(d). *See id.* As explained below, this Court may not consider many of the documents that Defendant attaches under a motion to dismiss standard. But it can consider them under a motion for summary judgment standard to address the relatively narrow issues here. So Defendant's Motion to Dismiss will be converted to a motion for summary judgment.

### A.

Before diving into why this Court may not consider many of the documents that Defendant attached to her Motion to Dismiss, an overview of the limitations on the permissible scope of the record at the motion to dismiss stage is necessary. As noted, Defendant's Motion to Dismiss implicates both Civil Rule 12(b)(1) and Civil Rule 12(b)(6). *See* ECF No. 11 at PageID.181–201. These two rules can have distinct standards for the permissible scope of the record at the motion-to-dismiss stage.

***Motions to Dismiss under Civil Rule 12(b)(6)***. Start with Civil Rule 12(b)(6). When analyzing a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6), the record is generally confined "to the well-pleaded allegations within the complaint's four corners." *Blackwell v. Nocerini*, 123 F.4th 479, 486 (6th Cir. 2024). This four-corners rule also permits considering

"documents attached to the" complaint as exhibits.[1] *Com. Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing FED. R. CIV. P. 10(c)); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

Often, parties try to skirt the four-corners rule's limitations and introduce outside evidence for consideration. To that end, "[m]ost commonly, defendants might try to bolster their motion with evidence to show that the plaintiff's suit will inevitably fail . . . even if the complaint technically suffices." *Cotterman*, 2023 WL 7132017, at *4 (citing *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020)). When that happens, a court must do one of two things. It may affirmatively exclude the evidence "and evaluate the complaint under the standards in Civil Rule 12(b)(6)." *Blackwell*, 123 F.4th at 486. Or, under Civil Rule 12(d), "it may consider the evidence and treat the motion as one for summary judgment," so long as all parties have an

---

[1] Civil Rule 10(c) states that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." One might read "written instrument" to mean only "contractual documents, or those materials evidencing legal rights and duties," may be considered a part of a pleading when attached as an exhibit—thus extending the four-corners rule only to contract-related exhibits attached to the complaint, not all exhibits. *See* AIMEE WOODWARD BROWN, *Pleading in Technicolor: When Can Litigants Incorporate Audiovisual Works into Their Complaints?*, 80 U. CHI. L. REV. 1269, 1284–95 (2013); *see also Osberry v. Slusher*, 750 F. App'x 385, 390, n.2 (6th Cir. 2018). And many Sixth Circuit cases applying Civil Rule 10(c) have focused on contract-related documents attached to a pleading. *See, e.g.*, *Brown Jug, Inc. v. Cincinnati Ins. Co.*, 27 F.4th 398, 401, n.1 (6th Cir. 2022); *Com. Money Ctr., Inc.*, 508 F.3d at 335. But several Sixth Circuit cases have taken a broader approach, considering non-contractual documents or stating that courts can consider exhibits attached to a pleading broadly. *See, e.g.*, *Roth v. Guzman*, 650 F.3d 603, 608 (6th Cir. 2011) (considering document requests attached to complaint); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 611 (6th Cir. 2009) (considering advertisements of a trademarked good); *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 297 (6th Cir. 2008) (considering legislative record explicitly under Civil Rule 10(c)); *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 603 (6th Cir. 2005) (considering a non-contractual prospectus attached to complaint in securities case); *Matthew N. Fulton, D.D.S., P.C. v. Enclarity, Inc.*, 962 F.3d 882, 890 (6th Cir. 2020) (stating that a district court properly considered all the "exhibits [the plaintiff] attached to the complaint," under Civil Rule 10(c), including a product FAQ).

opportunity to present all relevant materials related to the motion. *Id.*; *see also* FED. R. CIV. P. 12(d) (noting that when a court converts a Civil Rule 12(b) or (c) motion to a motion for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the" converted motion).

There are two exceptions to "this default framework" where a court can consider outside evidence without converting the Civil Rule 12(b)(6) motion into a motion for summary judgment. First, the Sixth Circuit allows "court[s] to grant a motion to dismiss based on an outside-the-complaint exhibit" if (1) "a complaint refers to the exhibit" and (2) "the plaintiff's claim depends on it." *Id.* at 487 (citing *Stein v. HHGREGG, Inc.*, 873 F.3d 523, 528 (6th Cir. 2017)). Second, the Sixth Circuit "also allow[s] . . . courts to take judicial notice of public records without converting a motion to dismiss into a summary-judgment motion." *Id.* (citation modified). Even so, this second exception does not permit using the exhibits to establish the truth of the exhibit's contents. *Id.* at 487–88. Rather, at the 12(b)(6) stage, the public record may only be used to establish "that the record exists" and some narrow facts flowing from its existence. *Id.* (concluding that charging an investigation records the defendant attached as exhibits to a Civil Rule 12(b)(6) motion may only be used "for a narrow purpose to confirm some undisputed fact—such as the fact that prosecutors charged [the plaintiff] with crimes"). Ultimately, these exceptions rarely authorize outside evidence at the pleading stage. *See id.* at 486–88.

***Motions to Dismiss under Civil Rule 12(b)(1)***. Now turn to Civil Rule 12(b)(1). Motions to dismiss for lack of subject matter jurisdiction under Civil Rule 12(b)(1) fall into two categories: facial and factual. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). To add a layer of complexity, the scope of the record varies depending on which category the motion to dismiss falls within.

A facial attack challenges the adequacy of the complaint on its face. *Ritchie*, 15 F.3d at 598 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). Put simply, the question is whether the plaintiff has alleged facts that, if true, establish a basis for subject-matter jurisdiction. *Cartwright*, 751 F.3d at 752. Take an example: A plaintiff may invoke federal-question jurisdiction under 28 U.S.C. § 1331. If the complaint, however, includes no federal claim—or no substantial federal question—a defendant may raise a facial attack under Rule 12(b)(1). *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025). Or consider a plaintiff who seeks injunctive relief under 42 U.S.C. § 1983 against a state official in her official capacity. If the complaint fails to allege an ongoing violation of federal law, the state official may bring a facial attack, contending that Eleventh Amendment sovereign immunity bars the suit. *See, e.g.*, *Satkowiak v. Marshall*, 771 F. Supp. 3d 937, 943–47 (E.D. Mich. 2025).

All in all, when considering a facial attack, the court accepts the material allegations as true and construes them in the light most favorable to the nonmoving party. *Ritchie*, 15 F.3d at 598. Essentially, the four-corners rule applies to facial attacks. *See McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citation modified); *see also Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015).

A factual attack, by contrast, disputes the factual existence of jurisdiction. *Id.* That is, "factual attacks challenge the" jurisdictional facts—as opposed to the facts concerning the merits—"in the pleading." *Tebault v. United States*, 778 F. Supp. 3d 912, 918 (W.D. Ky. 2025) (citing *Gentek Bldg. Prods. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)); *see also Russell*, 784 F.3d at 1045.

Consider, for instance, a factual attack based on sovereign immunity in the Federal Tort Claims Act (FTCA) context. Suppose a plaintiff brings a negligence claim under the FTCA,

alleging that a federal official engaged in negligent conduct during the scope and course of his employment. The defendant, in turn, might raise a factual challenge under Rule 12(b)(1) by introducing evidence that the alleged conduct did not occur within the scope of a federal employee's duties. If that showing is made, sovereign immunity applies, and the court lacks subject-matter jurisdiction. *See Tebault*, 778 F. Supp. 3d at 919–23. That kind of challenge is properly understood as a factual attack because the scope and course of employment analysis goes to the validity of jurisdictional facts. The focus, in other words, is not the merits of the negligence allegation, but whether jurisdiction exists in the first place.

Or take an example in the Eleventh Amendment sovereign immunity context. As a general rule, federal courts lack jurisdiction over official-capacity claims brought under 42 U.S.C. § 1983 because the Eleventh Amendment bars them. *See Russell*, 784 F.3d at 1046; *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Satkowiak*, 771 F. Supp. 3d at 943–47. There is, of course, the familiar exception recognized in *Ex parte Young*, 209 U.S. 123 (1908). A plaintiff may invoke that doctrine by alleging an ongoing violation of federal law and seeking prospective injunctive relief. *See Virginia Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011). And, in response, a defendant may factually dispute its application under Civil Rule 12(b)(1); the argument being that the plaintiff is not, in fact, subject to ongoing or imminent harm, but only to past injury. That kind of challenge is correctly classified as a factual attack under Civil Rule 12(b)(1). It contests the truth of the jurisdictional predicate—the continuing nature of the alleged violation—without addressing the merits of whether federal law was violated at all. *Cf. Satkowiak*, 771 F. Supp. 3d at 943–47; *see also Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 646 (2002).

All said, for factual attacks, the court does not presume the truth of the jurisdictional facts in the pleadings. *See Russell*, 784 F.3d at 1045. So a court may dispose of the four-corners rule and "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012); *see also Hatcher v. United States*, 512 F. App'x 527, 528 (6th Cir. 2013).

**B.**

Against that backdrop, this Court may not consider most of the documents Defendant attached to her Motion to Dismiss, ECF No. 11. Each document will be considered in turn, with attention to the limits imposed by Rules 12(b)(1) and 12(b)(6).

To begin, most of the documents do not comply with the Civil Rule 12(b)(6) limitations and thus cannot be used to consider the merits of Plaintiffs' claims. For starters, Defendant's Affidavit, ECF No. 11-1 at PageID.204–07, violates the four-corners rule and does not fall within an exception to it. *See Satkowiak*, 771 F. Supp. 3d at 946. The emails Defendant attaches suffer the same fate: they are neither public records nor referenced in Plaintiff's Amended Complaint, ECF No. 8, and central to his claims. *See, e.g.*, ECF No. 11-1 at PageID.243–49.

The picture of a certification page within an applicant's online portal fares no better. *See id.* at PageID.210. It is neither referenced in the Amended Complaint nor central to Plaintiff's claims, and because it comes from a private application portal rather than the public-facing portion of EGLE's website, it does not qualify as a public record. *See id.* And even if it were, it could only be narrowly used to establish that the depicted application—not Plaintiff's—included an inspection authorization portion. *See Blackwell*, 123 F.4th at 487–88. After all, the picture is not a picture of the application submitted for Plaintiff's property. *Compare* 11-1 at PageID.210 (picture's application submission number is HQ5-DDR5-XSWYY) *with* ECF Nos. 11-1 at

PageID.214; 8-4 at PageID.126 (permit application submitted for Plaintiff's property contains the number of HPM-BNT2-T5BFV).

Even assuming the remaining documents—Defendant's June 12, 2023 letter to Plaintiff and the two versions of the applications submitted for Plaintiff's property, ECF No. 11-1 at PageID.214–41, 251–52—are public records, they may only be used for narrow purposes. *See Blackwell*, 123 F.4th at 487–88. Indeed, at the pleading stage, the letter may only be used to establish that on June 12, 2023, Defendant sent Plaintiff a letter purporting to deny the permit application for his property. *See* ECF No. 11-1 at 251–52. And the applications, ECF No. 11-1 at PageID.214–41, mostly duplicate the information contained in the application that Plaintiff attached to his Amended Complaint, ECF No. 8-4.

Moreover, the same record limitations apply to the jurisdictional arguments Defendant advances under Civil Rule 12(b)(1). Defendant's jurisdictional challenge is, at bottom, a facial attack on the sufficiency of the Amended Complaint, meaning the four-corners rule. *See* ECF No. 11 at PageID.185–86. Defendant first argues that "Plaintiff's Amended Complaint's facially flawed because" his claims are barred by Eleventh Amendment sovereign immunity. *Id.* at PageID.183–84. She next argues that the *Ex parte Young* exception does not apply because the relief sought in Plaintiff's Amended Complaint is retrospective rather than prospective. *Id.* at PageID.184–86. In pressing that point, she does not contest the truth of the relevant factual allegations but instead maintains that they are legally inadequate to bring the case within *Ex parte Young*. *See id.*

Defendant nonetheless attempts to recast one of her arguments as a factual attack on jurisdiction, inviting this Court to consider materials beyond the pleadings. *See id.* at PageID.186–92; *see also* ECF No. 18 at PageID.336–39. She contends that "without a constitutional violation,

there cannot be an ongoing violation," so the *Ex Parte Young* does not apply. *See* ECF No. 11 at PageID.186. She then asserts that Defendant did not violate Plaintiff's Fourth Amendment rights in the first instance, challenging the accuracy of the facts supporting Plaintiff's Fourth Amendment claim. *See id.* at PageID.186–92.

But this argument is not a jurisdictional argument; it is a merits argument. Indeed, the *Ex Parte Young* exception is concerned only with whether a plaintiff alleges an *ongoing* violation that a court can remedy with prospective injunctive relief (a jurisdictional concern)—not whether the alleged violation is viable on the merits (a merits concern). *Verizon Maryland, Inc.*, 535 U.S. at 646 (rejecting an identical argument and stating, "the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim") (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 281 (1997) ("An *allegation* of an ongoing violation of federal law where the requested relief is prospective is ordinarily sufficient to invoke the [*Ex Parte Young*] fiction." (emphasis added)). Thus, setting aside Defendant's improper merits-based argument, Defendant's legitimate, jurisdiction-based Civil Rule 12(b)(1) arguments are correctly classified as a facial attack. As a result, the documents that Defendant attached to her Motion are subject to the same limitations discussed above in connection with Civil Rule 12(b)(6).

Yet at this juncture, excluding the documents that this Court cannot consider at the pleading stage is impractical. So Plaintiff's Motion to Strike or Exclude, ECF No. 16, will be partially denied to the extent it seeks that exclusion. Instead, Plaintiff's alternative request for relief will be granted: Defendant's Motion to Dismiss, ECF No. 11, will be converted into a Motion for Summary Judgment under Civil Rule 12(d). And limited discovery—specifically on the issues of whether Plaintiff consented to the site inspection and the nature of D&C's agency relationship with Plaintiff, *see, e.g.*, *United States v. Purcell*, 526 F.3d 953, 962–65 (6th Cir. 2008)—will be

directed. *See* Fed. R. Civ. P. 56(d) (authorizing a court to direct discovery when a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify" a motion for summary judgment's opposition); *see also* ECF No. 13-3 (submitting a Civil Rule 56(d) declaration). Finally, the Parties will be directed to submit supplemental briefing after the close of discovery.

### III.

Turning to the pending motions for sanctions. ECF Nos. 20; 21. Both the Parties' motions for sanctions are premature. Defendant's Motion for Sanctions, ECF No. 20, largely depended on the outcome of her Motion to Dismiss—chiefly, whether the merits of Plaintiff's claims are frivolous based on the facts presented *at the pleading stage*. And Plaintiff's Motion for Sanctions, ECF No. 21, depends on whether Defendant is correct about the frivolity of Plaintiff's claims. But because the Motion to Dismiss will be converted, the limited discovery will generate additional facts that could alter the sanctions analysis in either direction. Thus, the Parties' motions for sanctions, ECF Nos. 20; 21, will be denied without prejudice, considering this additional factual development.

### IV.

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Strike or Exclude Motion to Strike or Exclude Affidavit and Materials Outside the Record and For Other Relief, ECF No. 16, is **GRANTED IN PART** to the extent it seeks to convert Defendant's Motion to Dismiss, ECF No. 11, into a motion for summary judgment.

Further, it is **ORDERED** that Plaintiffs' Motion to Strike or Exclude Motion to Strike or Exclude Affidavit and Materials Outside the Record and For Other Relief, ECF No. 16, is **DENIED IN PART** in all other respects.

Further, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 11, is **CONVERTED** into a Motion for Summary Judgment under Civil Rule 12(d).

Further, it is **ORDERED** that the Parties are **DIRECTED** to conduct discovery consistent with the limitations discussed above and conclude such discovery **on or before November 3, 2025**.

Further, it is **ORDERED** that the Defendant is **DIRECTED** to file a supplemental brief considering that discovery **on or before November 21, 2025,** not to exceed **30 pages**.

Further, it is **ORDERED** that the Plaintiff is **DIRECTED** to file a response **on or before December 5, 2025,** not to exceed **30 pages**.

Further, it is **ORDERED** that Defendant is **PERMITTED** to file a reply **on or before December 12, 2025**, not to exceed **15 pages**.

Further, it is **ORDERED** that Defendant's Motion for Sanctions, ECF No. 20, is **DENIED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for Sanctions, ECF No. 21, is **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close this case.**

Dated: September 30, 2025         s/Thomas L. Ludington
                                  THOMAS L. LUDINGTON
                                  United States District Judge